[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Margaret Harris appeals the decision of the defendant Commissioner of Human Resources which revoked her family day care home registration. The Commissioner acted pursuant to General Statutes 17-588 and Regulations of State Agencies 17-31q et seq. The plaintiff's appeal is authorized by General Statutes 17-604(b) and 4-183. CT Page 8671 The court finds the issues in favor of the defendant Commissioner.
The basis of the Commissioner's action was that the plaintiff refused to permit the Department's representatives to conduct an unannounced home inspection as required by state regulations. The plaintiff contested the proposed revocation of her registration, and the Department convened a Fair Hearing before a hearing officer, at her request. The hearing officer found the following facts.
During 1991 and 1992, the plaintiff operated a family day care home under a registration granted by the Commissioner. On January 30, 1992, the Department of Human Resources received a telephone complaint concerning the plaintiff's operation of the home. The Department determined that the complaint should be investigated, and on February 4, 1992, it dispatched two of its agents, John Claffey and Joan Polumbo, to the plaintiff's home for that purpose. Claffey and Polumbo did not make an appointment with the plaintiff or notify her in advance of their visit; the visit was entirely unannounced.
When Claffey and Palumbo arrived at the plaintiff's home, they found her outside, supervising some children. They identified themselves as representatives of the Department and stated that they were visiting the house to investigate a complaint that the Department had received. When they refused to identify the complainant, the plaintiff became angry and asked them to leave.
The facts set forth above are undisputed. Finer details of the encounter between Claffey, Polumbo and the plaintiff are disputed, however. The plaintiff testified at the hearing that Claffey and Polumbo never asked to enter the house; rather, she testified, they simply left, at her request, after informing her about an anonymous complaint. Claffey and Polumbo, on the other hand, testified that Claffey specifically requested permission to enter the home but the plaintiff refused. They also testified that they advised the plaintiff of regulations requiring granting of access to the home and that she acknowledged those regulations. It is undisputed that neither agent entered the home but, instead, left without CT Page 8672 doing so and without any substantive discussion of the complaint they were investigating.
In his decision, the hearing officer made the following finding of fact:
 During the unannounced visit to the Appellant's home, Mr. Claffey and Ms. Polumbo requested access to the Appellant's home for the purpose of inspecting the day care facility and discussing with the Appellant the issues raised by the complainant, Ms. DeRuccio. The Appellant refused Mr. Claffey and Ms. Polumbo access to her home. After being refused access to the Appellant's home, Mr. Claffey informed the Appellant that by such refusal she was operating her registered family day care home out of compliance with the Department's regulations. The Appellant stated to Mr. Claffey and Ms. Polumbo that she was aware of the regulations. The Appellant then asked Mr. Claffey and Ms. Polumbo to leave the premises.
Regulations of State Agencies 17-31q provides that operators of day care homes must consent to unannounced inspections by the Department. In particular, they must permit Department representatives to enter and inspect their homes during normal business hours. That regulation and General Statutes 17-588 provide that an operator's failure to comply with the inspection requirement is sufficient cause for revocation of the operator's registration. Regulations, of course, carry the force of law. Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489 (1986).
As indicated, the hearing officer based his decision to revoke the plaintiff's registration on his factual finding that she had wrongfully refused permission for entry to the home in violation of the applicable regulations. In her appeal, the plaintiff forcefully raises several collateral issues concerning the merits of complaints filed against her with the Department and her previous dealings with the Department. She also strongly objects to the Department's practice of initiating an investigation without revealing the identity of the complainant. See, however, General Statutes 17-588(d), which permits preserving the confidentiality of a CT Page 8673 complainant during an investigation until an "administrative proceeding results therefrom." In any event, the sole issue before the court is whether the Commissioner's decision was based upon substantial evidence in the record and was in accordance with the applicable law and regulations.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes 4-183(f) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency". CLP v. DPUC, 219 Conn. 51, 57
(1991) "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld." Conn. Building Wrecking Co. v. Carothers, 218 Conn. 580,601 (1991). "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC, 219 Conn. 51,57-58 (1991).
The court has carefully reviewed the entire record in this case, including the transcript of the administrative hearing and documents introduced in evidence at the hearing. The court has also studied the briefs submitted by the parties to the appeal and has considered their arguments advanced at the hearing on this appeal. On the basis of this review, the court concludes that there was sufficient and substantial evidence to support the hearing officer's findings and conclusions with respect to the allegations that the plaintiff refused the investigators access to her home in violation of the regulations. The court may not disturb those findings and conclusions, therefore, in accordance with the general principles of administrative law referred to above. In view of the unambiguous requirements of the statutes and regulations cited above, the court concludes that the Commissioner's decision to revoke the plaintiff's registration did not violate any constitutional or statutory provisions, that CT Page 8674 the decision was within the Commissioner's discretion under 17-588, and that it was not an abuse of such discretion. Accordingly, pursuant to 4-183(j), the decision must be affirmed.
The appeal is dismissed.
Maloney, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk